Ralph Fletcher and D'Ann Fletcher v. John R. Edwards, et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-226-CV

     RALPH FLETCHER
     AND D'ANN FLETCHER,
                                                                         Appellants
     v.

     JOHN R. EDWARDS, ET AL.,
                                                                         Appellees
 

From the 249th District Court
Johnson County, Texas
Trial Court # 249-97-93
                                                                                                                
                                                                                                            
DISSENTING OPINION
                                                                                                                
   
      The majority opinion is an excellent discussion of the issues presented in this appeal. The
analysis is thoughtful and well presented. However, after pondering the issues presented, a
review of the cases, analysis of the facts and considering the scope of the application of the
opinion to similar situations, I am of the opinion that the written contract signed by the
Fletchers precludes a recovery by them. If written contracts are to mean anything, and if
citizens are going to conduct their lives under the assurance provided by written agreements,
we should be willing to enforce them and require people to live by those documents which they
have signed as solemn agreements by which they are bound.
      In this case the Fletchers signed a written agreement that expressly stated that:
they accept the property in its “AS IS” conditions . . . [and] that neither the
Seller, Real Estate Agents or Brokers, or BURLESON LAND & TITLE
COMPANY, TRW TITLE INSURANCE COMPANY, OR ALAMO TITLE
INSURANCE COMPANY OF TEXAS have made any warranties or
representations as the condition of the above-referenced property, and
accordingly, the undersigned Purchasers release and hold them harmless from
any and all liability in regard to the same.
The question for us to decide is whether this agreement negates as a matter of law that the
Fletchers relied upon the alleged representations of Edwards. The majority opinion holds that
because the Fletchers alleged the statement regarding the availability of water was fraudulent
and induced them to enter into the contract, that it vitiates the written contract. The majority
opinion relies upon Schlumberger. Schlumberger Technology Corp. v. Swanson, 959 S.W.2d
171, 180 (Tex. 1997).
      However, a close reading of Schlumberger reveals that the above disclaimer of reliance on
any representations made by Edwards (the Real Estate Agents or Brokers) is remarkably
similar to the one the Texas Supreme Court held to be effective in Schlumberger. The Court
explained:
In this context and in clear language, the Swansons unequivocally disclaimed reliance
upon representations by Schlumberger about the project's feasibility and value. They
said:
 
[E]ach of us [the Swansons] expressly warrants and represents and does
hereby state . . . and represent . . . that no promise or agreement which is
not herein expressed has been made to him or her in executing this release,
and that none of us is relying upon any statement or representation of any
agent of the parties being released hereby. Each of us is relying on his or
her own judgment and each has been represented by Hubert Johnson as legal
counsel in this matter. The aforesaid legal counsel has read and explained to
each of us the entire contents of this Release in Full, as well as the legal
consequences of this Release . . . . (emphasis added).
 
Because courts are to assume that the parties intended every contractual provision to
have some meaning, see Columbia Gas, 940 S.W.2d at 591; Lenape Resources Corp.
v. Tennessee Gas Pipeline Co., 925 S.W.2d 565, 574 (Tex.1996), we must presume
that the parties contemplated, by the inclusion of this clause, that the Swansons would
not rely on any representations of Schlumberger about the commercial feasibility and
value of this project, which, after all, was the very dispute that the release was
supposed to resolve. Therefore, we conclude that the disclaimer of reliance is binding
and, as a matter of law, precludes the Swansons' claim that they were fraudulently
induced to sell their interest in the sea-diamond project.

Schlumberger Technology Corp. v. Swanson, 959 S.W.2d 171, 180 (Tex. 1997)(emphasis as in
text quoted).
      Here, the Fletchers do not complain that they were duped by the appellees to sign
something that was in fact a contract to buy a tract of real property. Nor do they allege they
did not have the opportunity to review, or were prevented from reviewing, the documents they
signed. They do not allege they were shown one tract of property but in fact the contract and
deed described another. They bought the tract of property they were shown. 
      The Fletchers signed a contract that said they were not relying on any representation
appellees made about the condition of the property. Now they are suing, claiming they were
fraudulently induced to buy the property because of a misrepresentation about the condition of
the property. Upon the strength of the similarity of the disclaimer of reliance in Schlumberger
with the disclaimer of reliance signed by the Fletchers, and until the Supreme Court clarifies
under what circumstances and what evidence the non-movant must place in the summary
judgment record to avoid summary judgment, I would hold that the disclaimer of reliance is
binding and, as a matter of law, precludes the Fletchers’ claim that they were fraudulently
induced to buy the property by any representation made by the Appellees.
      Accordingly, I would affirm the trial court’s summary judgment. Because the majority
opinion does not, I respectfully dissent.



                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion delivered and filed July 5, 2000
Publish